Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3151 | **DATE** | 7/10/2003 |
| **CASE TITLE** | WALTER BERGSTROM vs. THE NORTHEAST ILL REGIONAL COMMUTER | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion hearing held. Leonard's motion to dismiss is denied as moot. Enter Memorandum Opinion And Order. Metra's motion to dismiss is granted. Counts I and II are dismissed with prejudice. Bergstrom's state law claims, Counts III and IV are dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUL 14 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | U.S. DISTRICT COURT CLERK | date mailed notice | |
| LG | courtroom deputy's initials | 03 JUL 11 AM 9:11 Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WALTER BERGSTROM, )
)
    Plaintiff, )
)
v. ) No: 03 C 3151
)
THE NORTHEAST ILLINOIS REGIONAL ) Judge John W. Darrah
COMMUTER RAILROAD CORPORATION, )
a Public Corporation d/b/a METRA; and )
FRED J. LEONARD, CHIEF OF METRA )
POLICE SERVICES, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Walter Bergstrom ("Bergstrom"), filed suit against Defendants, Northeast Illinois Regional Commuter Railroad Corporation ("Metra") and Metra Chief of Police Fred J. Leonard. Bergstrom alleges a violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, (Count I); a violation of the Railway Labor Act, 45 U.S.C. § 151 ("RLA") (Count II); breach of contract (Count III); and punitive damages (Count IV). Presently before the court is Metra's Motion to Dismiss for failure to state a cause of action. Metra seeks dismissal of Counts I, II, III, and IV.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules

17

of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

A reading of Bergstrom's complaint supports the following summary of the alleged conduct of the parties.

On May 18, 1998, Bergstrom started his employment as a Metra Police Officer. Metra, a public corporation, operates commuter rail lines engaged in commerce. Metra transports fair-paying passengers to various places in the State of Illinois.

Metra, in its capacity as an employer, entered into a labor agreement ("the Agreement") with the Combined Counties Police Association, which represented Metra Police Officers such as Bergstrom. The Agreement became effective on May 1, 1999, and will continue to be effective until December 31, 2004.

Rule 25(b) of the Agreement requires the expeditious reinstatement of an employee if that employee has been unjustly suspended or dismissed from service. Rule 26 of the Agreement provides that all Metra Police Officers will be treated fairly and consistently and that

they will all receive fair and consistent application of the policies, rules, and procedures of the Office of Police Services.

On June 5, 1999, Bergstrom was severely injured while, in the performance of his duties, he tried to break up a riot on a Metra train caused by passengers. As a result of the injuries he sustained while trying to break up the riot, Bergstrom signed a contract with Metra ("the Release"), the Northeast Regional Commuter Railroad Corporation, and the Regional Transportation Authority on June 23, 2000. The Release stated that Bergstrom was to receive four years of medical treatment for injuries related to the June 5, 1999 work-related accident. The Release also stated that the terms of the settlement would not be affected by Bergstrom's future employment.

On or about June 9, 2001, Bergstrom was arrested and charged with four separate counts of armed robbery, four counts of aggravated kidnapping, and a single count of possession of a controlled substance.

On July 23, 2001, a hearing was called under the terms of the Agreement in response to Bergstrom's recent arrest. The hearing officer, Commander Len Modlinski ("Modlinski"), did not read into the record the police reports concerning the arrest, which would have shown that a Cook County Sheriff was the alleged perpetrator of the robberies. On or about July 30, 2001, Bergstrom was informed by letter that his employment with Metra was terminated for "[s]ubjecting Metra to criticism and loss of good will."

Bergstrom was later tried and acquitted on two of the criminal charges filed against him; and on April 30, 2003, the remainder of the charges against him were dismissed.

After he was acquitted, Bergstrom wrote letters to officials at Metra, including Chief Leonard, requesting that he be reinstated as a Metra Police Officer and receive back pay from

3

Metra. Chief Leonard and Metra refused to reinstate Bergstrom, which he contends is a direct violation of the Agreement. Furthermore, since Bergstrom was terminated on July 30, 2001, he has been deprived of the necessary medical care for which he contracted with Metra in the Release.

Metra first contends that Count I should be dismissed because Metra is an employer that is subject to the RLA and is, thus, excluded from suit under the LMRA.

The LMRA allows contract suits between an employer and a labor organization that represents employees that are in an industry which affects commerce, such as the Combined Counties Police Association. However, the employer must be included in the LMRA's definition of an employer; and the employee must be included in the LMRA's definition of an employee. *See* 29 U.S.C. § 185(a).

Pursuant to the LMRA, the term "employer" excludes any person or entity subject to the RLA or any labor organization, other than when acting as an employer; and the term "employee" excludes individuals who are employed by an employer that is subject to the RLA. *See* 29 U.S.C. § 152(2)-(3).

Metra is a "carrier" within the meaning of the RLA, which governs labor relations matters within the rail industry and is, therefore, subject to the RLA. *N.E. Ill. Commuter R.R. Corp. v. Hoey*, 212 F.3d 1010, 1012 (7th Cir. 2000). Because Metra is subject to the RLA, it is not considered an "employer" under the LMRA. Furthermore, Bergstrom is not considered an "employee" under the LMRA because he was employed by Metra, who was, and still is, subject to the RLA.

Therefore, since Metra is not considered an employer under the meaning of the LMRA

and Bergstrom is not considered an employee under that same Act, the LMRA is not applicable; and Count I is dismissed with prejudice.

Metra contends that Count II should be dismissed because there is no jurisdiction vested in the federal court to hear this matter because the RLA and collective bargaining agreement prescribe the plaintiff's only recourse for the claims based on the issues raised in his complaint.

The RLA sets out a complete framework for the resolution of labor disputes, which includes a mandatory arbitration mechanism for the swift and systematic settlement of two types of disputes, major disputes and minor disputes. *Monroe v. Mo. P. R.R. Co.*, 115 F.3d 514, 516 (7th Cir. 1997) (*Monroe*). Major disputes relate to the creation of collective bargaining agreements or attempts to secure collective bargaining agreements. *Pawlowski v. N.E. Regl. Commuter R.R. Corp.*, 186 F3d 997, 1000 (7th Cir. 1999). Major disputes seek to create contractual rights. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994) (*Hawaiian Airlines*); *Monroe*, 115F.3d at 516. Minor disputes involve discrepancies concerning the meaning of an existing collective bargaining agreement in a specific fact situation and are said to "grow out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions". *See* 45 U.S.C. § 151(a); *Hawaiian Airlines*, 512 U.S. at 252. Similar to disputes over the interpretation or application of the collective bargaining agreements, "grievances" are disagreements concerning the effect to be given to bargained-for agreements. *Hawaiian Airlines*, 512 U.S. at 253. A minor dispute is distinguishable from a major dispute in that it can be conclusively resolved through the interpretation of the existing collective bargaining agreement. *Brown v. Ill. C. R.R. Co.*, 254 F.3d 654, 658 (7th Cir. 2001) (*Brown*).

Bergstrom claims that his request for reinstatement is not a grievance issue and, thus, should not be classified as a minor dispute requiring interpretation. Bergstrom contends that a major dispute, as opposed to a minor dispute, is involved here because Metra's conduct in regards to Bergstrom's reinstatement efforts contradicts the Agreement. Bergstrom further contends that federal court action is needed to maintain the status quo of the Agreement because Metra violated Rule 25(b) of the Agreement by refusing to act upon his reinstatement request.

While Bergstrom's claim may not be a grievance issue, it still falls within the definition of a minor dispute because it grows out of the interpretation and the application of the Agreement and involves a controversy over the meaning of the Agreement in a specific fact situation. This is demonstrated by Bergstrom's allegations that Metra has violated Rule 25(b) of the Agreement by not expeditiously reinstating him after he was cleared of all charges. Therefore, it is the interpretation and the application of the Agreement which is at issue; and, thus, there is no indication of anything other than a minor dispute.

Therefore, since Bergstrom's claim involves a minor dispute which must be adjudicated under RLA mechanisms, as opposed to federal court, Count II is dismissed with prejudice.

Assuming argumendo that Bergstrom's dispute was major, the only remedy that Bergstrom would be able to seek in this court would be to enjoin a violation of the status quo pending completion of the required procedures. *See Consolidated Rail Corp. v. Railway Labor Executives' Assoc.*, 491 U.S. 299, 303 (1989). However, Bergstrom has not sought such a remedy in his complaint.

Metra seeks to dismiss Bergstrom's remaining state law claims for breach of contract and punitive damages. Metra contends that this Court should deny pendent jurisdiction and dismiss

Bergstrom's state law contract claim in light of the dismissal of Counts I and II. This would equally apply to Count IV, which seeks punitive damages based on the state law claim.

This Court's subject matter jurisdiction originally arose from Bergstrom's federal claims, which have been dismissed. Bergstrom does not plead diversity jurisdiction in his complaint.

Where all federal claims are dismissed before trial, the balancing of the factors of judicial economy, convenience, fairness and comity point to the court's declining jurisdiction over the pendent state law claims. *See Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1252 (7th Cir. 1994). The decision to retain a state law claim pursuant to pendent jurisdiction is within the court's discretion. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). However, where all the federal claims have dropped out before trial, a district court generally should not retain jurisdiction absent extraordinary circumstances. *See Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir. 1993).

In the instant case, the parties have engaged in minimal discovery, if any. Bergstrom's remaining claims are purely a matter of state law, over which the state court can adequately preside. The state court would not need to duplicate this Court's efforts, which have been minimal. In addition, all other issues, including discovery, pretrial issues, and the trial, that have not yet been addressed by the parties or this Court can be addressed in state court without any duplication of efforts.

Based on the above, pendent jurisdiction over the remaining state law claims is declined. Accordingly, Counts III and IV of Bergstrom's complaint are dismissed without prejudice.

For the foregoing reasons, Metra's Motion to Dismiss is granted. Counts I and II are dismissed with prejudice. Bergstrom's state law claims, Counts III and IV, are dismissed without prejudice.

Dated: July 10, 2003

_____
JOHN W. DARRAH
United States District Judge