# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3151 | **DATE** | 11/12/2003 |
| **CASE TITLE** | Bergstrom vs. NE IL Reg Commuter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held and continued to 1/21/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss plaintiff's first amended complaint [26-1] is denied in part. Counts I and V are dismissed with prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 13 2003 date docketed | 31 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/12/2003 date mailed notice | |
| MF | courtroom deputy's initials | | MF mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER BERGSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | NOV 13 2003 |
| | ) | |
| v. | ) | No: 03 C 3151 |
| | ) | |
| THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, a Public Corporation d/b/a METRA; and FRED J. LEONARD, CHIEF OF METRA POLICE SERVICES, | ) ) ) ) ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | NOV 13 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Walter Bergstrom, filed suit against Defendants, Northeast Illinois Regional Commuter Railroad Corporation ("Metra") and Metra Chief of Police Fred J. Leonard. Bergstrom's original Complaint alleged a violation of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), (Count I); a violation of the Railway Labor Act, 45 U.S.C. § 151 ("RLA") (Count II); breach of contract (Count III); and punitive damages (Count IV). In July 2003, Count I was dismissed with prejudice because the LMRA was not applicable since Metra is not considered an employer under the LMRA and Bergstrom is not considered an employee under the LMRA. Count II was also dismissed with prejudice because Bergstrom's claim involved a minor dispute which must be adjudicated under the RLA. Bergstrom's remaining state law claims were dismissed without prejudice for lack of jurisdiction.

31

In September 2003, Bergstrom filed his First Amended Complaint, alleging wrongful termination of employment (Count I), breach of contract for work-related injuries (Count II), punitive damages (Count III), intentional infliction of emotional distress (Count IV), and violation of the Labor Agreement and RLA (Count V). The action is brought pursuant to federal diversity jurisdiction. Presently before the Court is Metra's Motion to Dismiss Bergstrom's First Amended Complaint.[1]

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkewicz*, 534 U.S. at 513.

---

[1] A summary of all the operative facts are fully set forth in the Court's previous Memorandum Opinion and Order and need not be repeated.

Count I of Bergstrom's First Amended Complaint re-pleads that Metra violated a collective bargaining agreement by wrongfully terminating his employment. These allegations are the same as those pled in Counts I and II of the original Complaint which were dismissed with prejudice. Count I of the First Amended Complaint, as in Count II of the original Complaint, involves a minor dispute that must be adjudicated under the RLA, not in federal court. Accordingly, Count I is dismissed with prejudice.

Count II of Bergstrom's First Amended Complaint alleges a breach of contract claim for failing to comply with a release following injuries Bergstrom received in June 1999 in the performance of his duties at Metra. Metra seeks dismissal of Count II, arguing that Bergstrom failed to sufficiently plead a breach of contract claim.

A review of the allegations of the First Amended Complaint demonstrates that Bergstrom sufficiently pled a breach of contract claim. Bergstrom need not plead the elements of his claim in federal court. Instead, Bergstrom merely needs to provide notice to Metra of the principal events of the claim. Accordingly, Metra's Motion to Dismiss Count II is denied.

Metra also seeks dismissal of Bergstrom's claim for punitive damages against Leonard in Count III of the First Amended Complaint. Count III seeks punitive damages against Leonard for Leonard's failure to properly investigate the facts before terminating Bergstrom, terminating Bergstrom on questionable testimony, negligently failing to insure Bergstrom was not denied medical coverage, denying Bergstrom reinstatement under the collective bargaining agreement, and treating Bergstrom different than other employees.

Count III contains allegations that involve the interpretation of the collective bargaining agreement. The claims based on these allegations are preempted by the RLA and cannot be

3

heard by this Court. *See Leu v. Norfolk & Western R.R. Co.*, 820 F.2d 825, 829-30 (7th Cir. 1987). Accordingly, the allegations pertaining to the alleged wrongful termination and reinstatement are stricken. However, those allegations that do not involve the interpretation of the collective bargaining agreement that are based on Bergstrom's injuries on the job and breach of the release stemming from the injuries are not preempted by the RLA and are properly before the Court.

In Count IV of Bergstrom's First Amended Complaint, Bergstrom alleges that the termination of his medical coverage for the injuries he received while on duty in July 1999 constituted intentional infliction of emotional distress. These allegations do not require the interpretation of the collective bargaining agreement and are, therefore, not preempted by the RLA. Furthermore, contrary to Metra's argument, Bergstrom need not plead the elements of the claim to survive the instant motion. Accordingly, Metra's Motion to Dismiss Count IV of the First Amended Complaint is denied.

Lastly, Metra seeks dismissal of Count V, which realleges a violation of the RLA. This claim was previously dismissed with prejudice. Accordingly, Count V of the First Amended Complaint is dismissed with prejudice.

For the foregoing reasons, Metra's Motion to Dismiss is granted in part and denied in part. Counts I and V are dismissed with prejudice.

Dated: December 12, 2003

JOHN W. DARRAH
United States District Judge