Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3151 | DATE | 5/18/2004 |
| CASE TITLE | Bergstrom vs. The Northeast Illinois Regional Commuter Railroad Corp., et. al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Metra's motion to compel is entered and continued to 5/25/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, Metra's motion to dismiss Count II is granted and Leonard's motion to dismiss Count I and III is granted. Counts IV and V were previously dismissed by this Court with prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER BERGSTROM,            )<br>                              )<br>         Plaintiff,           )<br>                              )<br>    v.                        )<br>                              )<br> THE NORTHEAST ILLINOIS REGIONAL )<br> COMMUTER RAILROAD CORPORATION, )<br> a public corporation d/b/a METRA; and )<br> FRED J. LEONARD, CHIEF OF METRA )<br> POLICE SERVICES,             )<br>                              )<br>         Defendants.          ) | No. 03 C 3151<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Walter Bergstrom, filed suit against Defendants, Northeast Illinois Regional Commuter Railroad Corporation and Metra Chief of Police Fred J. Leonard. Bergstrom's original Complaint alleged a violation of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), (Count I); a violation of the Railway Labor Act, 45 U.S.C. § 151 ("RLA") (Count II); breach of contract (Count III); and punitive damages (Count IV). In July 2003, Count I was dismissed with prejudice because the LMRA was not applicable since Metra is not considered an employer under the LMRA and Bergstrom is not considered an employee under the LMRA. Count II was also dismissed with prejudice because Bergstrom's claim involved a minor dispute, which must be adjudicated under the RLA. Bergstrom's remaining state law claims were dismissed without prejudice for lack of jurisdiction.

In September 2003, Bergstrom filed his First Amended Complaint, alleging wrongful termination of employment (Count I), breach of contract for work-related injuries (Count II),

1

punitive damages (Count III), intentional infliction of emotional distress (Count IV), and violation of the Labor Agreement and RLA (Count V). The action was brought pursuant to federal diversity jurisdiction. This Court dismissed Count I of the First Amended Complaint with prejudice because it contained the same allegations as the previously dismissed Count II of the original Complaint. This Court also dismissed Count V of the First Amended Complaint because it realleged a violation of the RLA, which this Court previously dismissed with prejudice.

In January 2004, Bergstrom filed his Second Amended Complaint, alleging breach of contract (Count I), intentional infliction of emotional distress (Count II), punitive damages (Count III), wrongful termination of employment (Count IV), and violation of Labor Agreement and the RLA (Count V).[1] Presently pending before the Court is Metra's Motion to Dismiss Count II of the Second Amended Complaint and Leonard's Motion to Dismiss the Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2]

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rule of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain", and

---

[1] Counts IV and V were dismissed with prejudice by this Court. As explained previously by this Court, Plaintiff does not need to replead these counts in order to preserve it for appeal.

[2] A summary of all the operative facts are fully set forth in the Court's previous Memorandum Opinion and Order and need not be repeated.

it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

Count I of Bergstrom's Second Amended Complaint alleges a breach of contract claim for failing to comply with a release following injuries he received in June 1999 in the performance of his duties at Metra. Leonard seeks dismissal of Count I, arguing that Leonard was not a party to the release and that, therefore, he should not be personally responsible for a document to which he was not a party.

A review of the allegations of the Second Amended Complain support Leonard's position. While the Federal Rules of Civil Procedure only require notice pleading, a party can plead oneself out of court. *See Trevino v. Union Pacific R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990) (stating "[m]ore is not necessarily better under the Federal Rules; a party 'can plead himself out of court by ... alleging facts which ... demonstrate that he has no legal claim.'"). In this case, Plaintiff attached a copy of the release to his Second Amended Complaint, which shows that Leonard was not a party to the release. Plaintiff argues that Leonard should be held liable because he was "aware of Bergstrom's injuries . . . and his need for continuing medical care" and that it was "Leonard who terminated Bergstrom without regard to his receiving necessary medical care." Again, these allegations pertain to the alleged wrongful termination of Bergstrom and not a breach of contract claim. Accordingly, Leonard's Motion to Dismiss Count I of the Seconded Amended Complaint is

granted.

Leonard also seeks dismissal of Bergstrom's claim for punitive damages in Count III of the Second Amended Complaint. Count III seeks punitive damages against Leonard for Leonard's failure to properly investigate the facts before terminating Bergstrom, relying on questionable testimony, negligently failing to insure Bergstrom was not denied medical coverage, denying Bergstrom's reinstatement under the collective bargaining agreement, and treating Bergstrom different than other employees.

Count III contains allegations that involve the interpretation of the collective bargaining agreement. The claims based on these allegations are preempted by the RLA and cannot be heard by this Court. *See Leu v. Norfolk & Western R.R. Co.*, 820 F.2d 825, 829-30 (7th Cir. 1987). Accordingly, the allegations pertaining to the alleged wrongful termination and reinstatement are stricken. The remaining allegations relate to the breach of release. However, as discussed above, Leonard was not a party to the release; therefore, he cannot be held liable for punitive damages based on a breach of contract claim. Leonard's Motion to Dismiss Count III of the Complaint is granted.

Finally, Metra seeks dismissal of Count II of the Second Amended Complaint. Count II is a claim for intentional infliction of emotional distress stemming from the termination of medical care and the breach of contract claim. Metra argues Count II should be dismissed because (1) the events involve Plaintiff's termination of employment, which involves the interpretation of the collective bargaining agreement and is, therefore, precluded by the RLA; and (2) the claim is precluded under the one-year statute of limitations pursuant to the Regional Transportation Authority Act, 70 ILCS 3615/5.03.

In Count II of Bergstrom's Second Amended Complaint, Bergstrom alleges that the

4

termination of his medical coverage for the injuries he received while on duty in July 1999 constituted intentional infliction of emotional distress. These allegations do not require interpretation of the collective bargaining agreement and are, therefore, not preempted by the RLA.

As to Metra's second basis, Plaintiff argues that Count II should not be barred because of the statute of limitations because the intentional infliction of emotional distress count is based upon his "continuous and ongoing" pain and suffering. Where a tort involves continuing or repeated injurious behavior, "the statute of limitations begins to run on the date of the last injury or when the tortious acts cease." *Rock Falls v. Chicago Title & Trust*, 300 N.E.2d 331, 334 (Ill. App. 1973). A continuing violation is occasioned by "continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Hyon Waste Management Services, Inc. v. City of Chicago*, 574 N.E.2d 129, 132-33 (Ill. App. 1991). Furthermore, "where there is but one overt act from which subsequent damages may flow," the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury; and this is so despite the continuing nature of the injury. *Hyon*, 574 N.E.2d at 133.

In *Hyon*, the operator of a hazardous waste incinerator brought an action against the city, alleging that the city violated its right to procedural due process by sealing its incinerator without prior notice or hearing. *Hyon*, 574 N.E.2d at 130. The city argued the statute of limitations barred the claim because the single act of sealing the incinerator does not comprise a "continuous" injury to Hyon. *Hyon*, 574 N.E.2d at 133. The plaintiff argued that the injury was continuous and ongoing because it did not end until the city removed the seal, which would be within the statute of limitations period. *Hyon*, 574 N.E.2d at 133. The court noted that "a continuing violation is occasioned by continuing unlawful acts and not from the continued ill effects from an initial

5

violation." Therefore, the court found that Hyon's complaint, which was filed more than five years after the city sealed its incinerator, was time-barred.

Therefore, Bergstrom's claim in Count II, which is based on the termination of his medical care and the breach of the release, is barred by the one-year statute of limitations. Bergstrom does not allege continuing unlawful acts but only the continued ill effects from the initial breach of release. Metra's Motion to Dismiss Count II of the Second Amended Complaint is granted.

For the foregoing reasons, Metra's Motion to Dismiss Count II is granted; and Leonard's Motion to Dismiss Count I and III is granted. Counts IV and V were previously dismissed by this Court with prejudice.

Dated: May 18, 2004

JOHN W. DARRAH
United States District Judge