# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3151 | **DATE** | 11/29/2004 |
| **CASE TITLE** | Bergstrom vs. The Northeast Illinois Regional Commuter Railroad | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, Metra's motion to dismiss is denied. Metra's motion for summary judgment is granted. Metra's motion for sanctions is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |

number of notices

Document Number

70

NOV 3 0 2004
date docketed

15
docketing deputy initials

date mailed notice

MF

courtroom deputy's initials

U.S. DISTRICT COURT

2004 NOV 29 PH 3: 29

Date/time received in
central Clerk's Office

mailing deputy initials

**DOCKETED**

**NOV 3 0 2004**

|  |  |  |
|---|---|---|
| WALTER BERGSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 3151 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| THE NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD CORPORATION, | ) | |
| a public corporation d/b/a METRA; and | ) | |
| FRED J. LEONARD, CHIEF OF METRA | ) | |
| POLICE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Walter Bergstrom, filed suit against Defendants, Northeast Illinois Regional Commuter Railroad Corporation and Metra Chief of Police Fred J. Leonard. In January 2004, Bergstrom filed his Second Amended Complaint, alleging breach of contract (Count I), intentional infliction of emotional distress (Count II), punitive damages (Count III), wrongful termination of employment (Count IV), and violation of Labor Agreement and the Railway Labor Act, 45 U.S.C. § 151 ("RLA") (Count V). Subsequently, Counts II through V were dismissed. Presently pending before the Court is Metra's Motion to Dismiss or, In the Alternative, For Summary Judgment.[1] Metra also filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

---

[1] Because Metra relies upon facts outside the Second Amended Complaint, Metra's Alternative Motion for Summary Judgment is addressed, and Metra's Motion to Dismiss is denied.

1

70

material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the instant case, Bergstrom did not file a response to Metra's statement of material facts. Therefore, all the material facts averred by Metra are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). Even though Bergstrom failed to respond to Metra's statement of material facts and such facts are deemed admitted, Metra's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001) (*Greer*).

Bergstrom began his employment as a Metra police officer in June 1998. (Def.'s 56.1(a)(3) Statement ¶ 2). On June 5, 1999, Bergstrom sustained work-related injuries. (Id., ¶ 4). Bergstrom was hospitalized and received medical treatment for these injuries. (Id., ¶ 5). Subsequently, Bergstrom made an internal claim against Metra for the injuries he sustained. (Id., ¶ 6).

On June 23, 2000, Bergstrom executed a settlement agreement, the Release, which stipulated that Metra would pay to Bergstrom $175,000 and "Four (4) years open medical for injuries related to 6/5/99 accident, effective upon completion of this release" in exchange for Bergstrom's release

of any claims or demands. (Def.'s 56.1(a)(3) Statement ¶ 10). Bergstrom understood the terminology "Four (4) years open medical" to mean that Metra was to pay for Plaintiff's medical care connected with the work-related injuries for four additional years. (Id., ¶ 11). Bergstrom also understood that under the terms of the Release, he was free to choose his doctors and that he would have to submit bills to Metra for payment. (Id., ¶¶ 12-13). Bergstrom understood that he was not required to obtain Metra's pre-approval for medical care and that Metra was not obligated to retain a case manager. (Id., ¶¶ 14-15). Metra was not obligated to provide medical care to Bergstrom or to make his medical appointments. (Id., ¶ 16).

Bergstrom received the $175,000 from Metra, as required by the Release. (Def.'s 56.1(a)(3) Statement ¶ 19). Bergstrom, and his wife, submitted unpaid medical bills to Metra. Metra paid the submitted bills. (Id., ¶ 20). At its discretion, Metra hired a case manager to monitor Bergstrom's condition and report back to Metra to determine whether Bergstrom was capable of returning to work. (Id., ¶ 21).

In April 2001, Bergstrom complained of pain and was being treated by a chiropractor. Metra suggested to Bergstrom that he may want to be evaluated by a surgeon and scheduled an appointment, with his consent, on May 22, 2001. Bergstrom was informed to bring a current MRI when he met with the surgeon and that the current MRI was essential to his evaluation. (Def.'s 56.1(a)(3) Statement ¶ 22). At Bergstrom's request, Barbara Saunders, the case manager, rescheduled Bergstrom's appointment to June 29, 2001. (Id., ¶ 23). Saunders also attempted to contact Bergstrom to confirm that Bergstrom obtained the MRI films he was to bring to the surgeon. Bergstrom did not return Saunders' phone calls. (Id., ¶ 24).

Bergstrom failed to appear for his MRI. (Def.'s 56.1(a)(3) Statement ¶ 25). After consultation with Metra, Saunders cancelled Bergstrom's appointment with the surgeon because Bergstrom failed to take the MRI and had not contacted Metra or Saunders. (Id., ¶ 26). On June 22, 2001, Saunders sent Bergstrom a letter, stating:

> This letter is to inform you that Custom Case Management, Inc., has been requested to place our file on hold for medical case management services until further notice.
>
> We have been unsuccessful in assisting you in coordinating a cervical MRI prescribed by Occupational Physician, Barry L. Fischer, to be performed prior to your Neurosurgeon's appointment scheduled. Therefore, we will be canceling your appointment scheduled with Neurosurgeon, Michael Zindrick, on June 28, 2001.
>
> Should you have any questions or concerns, please feel free to contact Risk Manager, Rhonda James, or Ms. Nancy Petrowski at Metra Medical Department.

(Id., ¶ 27). Bergstrom never contacted Petrowski, James or the Risk Management Department. (Id., ¶ 28). Rather, after receiving the above letter, Bergstrom called an unknown person at Metra, with unknown authority or knowledge from an unknown telephone number. Bergstrom was put on hold when he made this call. (Id., ¶ 29). Since June 23, 2001, Bergstrom never requested Metra's assistance in obtaining medical care or otherwise informed Metra that he wanted medical care. (Id., ¶ 39).

In July 2001, Bergstrom's employment with Metra was terminated. (Def.'s 56.1(a)(3) Statement ¶ 30). Thereafter, Bergstrom did not seek medical attention for his injuries which he attributed to the June 1999 incident. (Id., ¶ 31).

Approximately 1-1/2 years ago, Bergstrom considered seeking medical care for complaints involving the June 1999 incident. (Def.'s 56.1(a)(3) Statement ¶ 34). In January and April 2003,

Metra's counsel advised Bergstrom's counsel that it was Metra's "commitment to pay for medical care, consistent with the [Release] . . . ." Bergstrom's counsel was also informed that Bergstrom "is and always has been free to seek any and all reasonable medical care that is reasonably connected with the 1999 incident and that such care would be paid by Metra, as was always the case." (Id., ¶ 35). Bergstrom filed his initial complaint on May 12, 2003.

Metra has paid all medical bills that were submitted by or on behalf of Bergstrom. (Def.'s 56.1(a)(3) Statement ¶ 37). Metra never refused to pay for Bergstrom's medical care, up to and including the present date. (Id., ¶ 38).

To prevail on a breach of contract claim, a plaintiff must show that (1) a contract exists between the plaintiff and the defendant, (2) plaintiff performed his obligations under the contract, (3) defendant did not perform its obligations under the contract, and (4) damages resulting from the breach. *See Walker v. Ridgeview Const. Co.*, 316 Ill. App. 3d 592, 595-96 (2000).

Bergstrom has failed to establish that he has suffered any damages from the alleged breach of the Release – placing his case file on hold. Metra has paid all medical bills associated with the 1999 incident that Bergstrom has submitted. Metra also clarified to Bergstrom's counsel, prior to the filing of the lawsuit, that Metra was committed to paying for Bergstrom's medical care related to the 1999 incident. Following the clarification, Bergstrom still did not seek any payment for medical treatment from Metra. Bergstrom argues that he has suffered damages because he needs cervical spine surgery, suffers from post-traumatic syndrome, and needs psychiatric care and medication. However, Bergstrom has failed to substantiate these damage claims. Accordingly, summary judgment in Metra's favor is granted. *See Greer*, 267 F.3d at 729 (a party cannot defeat summary judgment by relying on unsubstantiated facts).

Metra also seeks sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that Bergstrom filed his complaint with allegations that have no factual basis in light of the above uncontested facts.

Federal Rule of Civil Procedure 11 requires the court to impose sanctions on a party or an attorney that signs a pleading or a motion which is not well grounded in fact or not warranted by existing law. *See* Fed. R. Civ. Proc. 11; *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (*Vukadinovich*).

Metra argues that sanctions are warranted because Bergstrom's suit was filed even though Metra told Bergstrom's counsel before the suit was filed that it was still agreeing to pay for Bergstrom's required medical treatment related to the 1999 incident. As such, there was no breach of contract and any belief by Bergstrom that his medical case (treatment) was on hold was unreasonable. Bergstrom argues that he reasonably believed that Metra breached the contract when it placed his case on hold, resulting in a breach of the contract. He further argues that he sustained damages by not seeking treatment during the time he believed Metra was no longer going to provide medical treatment. While Bergstrom failed to present any substantiated evidence of damages, as discussed above, his failure to do so does not demonstrate that he filed his complaint without factual grounds to warrant sanctions pursuant to Rule 11.

For the foregoing reasons, Metra's Motion to Dismiss is denied. Metra's Motion for Summary Judgment is granted. Metra's Motion for Sanctions is denied.

Dated: *November 29, 2004*

JOHN W. DARRAH
United States District Judge